UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WALTER WHITE,

      Plaintiff,

v.   CASE NO: 2:CV
    HON:

CITY OF SOUTHFIELD, and
KEITH LOUDEN, in his
individual and official capacity,

      Defendants.

| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>AMY J. DEROUIN (P70514)<br>Attorneys for Plaintiff<br>9750 Highland Road<br>White Lake, MI  48386<br>(248) 886-8650<br>(248) 698-3321-fax<br>Amy.derouin@cjtrainor.com | |

THERE IS NO OTHER PENDING OR RESOLVED CIVIL ACTION ARISING OUT OF THE TRANSACTION OR OCCURRENCE ALLEGED IN THE COMPLAINT

## **COMPLAINT AND JURY DEMAND**

**NOW COMES** Plaintiff, **WALTER WHITE**, by and through his attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and for his Complaint against the above-named Defendants states as follows:

1. Plaintiff is a resident of the City of Detroit, County of Wayne, State of Michigan.

2. Defendant, CITY OF SOUTHFIELD, is a municipality existing under the laws of the State of Michigan.

3. Defendant, KEITH LOUDEN, is and/or was a police officer employed by the City of Southfield and was acting under color of law, in his individual and official capacity, and within the course and scope of his employment at all times mentioned herein.

4. All relevant events giving rise to this lawsuit occurred in the City of Southfield, County of Oakland, State of Michigan.

5. That this lawsuit arises out of Defendants' violations of Plaintiff's federal constitutional rights as secured by the Fourth Amendment as it applies to the States through the Fourteenth Amendment of the United States Constitution and consequently, Plaintiff has a viable claim for damages under 42 U.S.C. § 1983. Plaintiff also has viable state law claims.

6. Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1331 [federal question], 28 U.S.C. § 1343 [civil rights].

7. That the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00) not including interest, costs, and attorney fees.

## FACTS

8. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

9. On February 17, 2012, Plaintiff was a passenger of a vehicle parked in a handicap space in the Meijers parking lot located at 28800 Telegraph Road, Southfield, Michigan.

10. Defendant KEITH LOUDEN approached said vehicle.

11. Plaintiff exited the vehicle and began to walk to the driver's door in order to move the vehicle from the handicap space.

2

12. Defendant LOUDEN asked Plaintiff what he was doing, and when Plaintiff explained that he was going to move the vehicle, Defendant LOUDEN told him not to touch it.

13. Plaintiff complied and told Defendant LOUDEN that he would go into the Meijers to find the vehicle's owner.

14. As Plaintiff was walking toward the entrance, Defendant LOUDEN told him to stop for no reason whatsoever.

15. Plaintiff continued walking and Defendant LOUDEN told him to stop a second time.

16. Plaintiff asked if he was under arrest, at which point Defendant LOUDEN unnecessarily and without warning tasered him for no justification whatsoever.

17. Plaintiff fell to the pavement and was unable to move.

18. As Plaintiff laid immobile and not resisting whatsoever, Defendant LOUDEN tased him a second time for no justification whatsoever.

19. Plaintiff was then placed under arrest.

20. As a result of Defendants' illegal and excessive actions, Plaintiff suffered injuries and damages.

## COUNT I
## VIOLATION OF THE FOURTH AMENDMENT
## 42 U.S.C. § 1983 EXCESSIVE FORCE

21. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

22. At all relevant times herein, Defendant LOUDEN acted under color of law, within the scope and course of his employment, and in his official and individual capacity.

3

23. Defendant LOUDEN violated Plaintiff's clearly established and federally-protected rights as set forth under the United States Constitution and the Amendments thereto, including, but not limited to, the Fourth Amendment of the United States Constitution to be free from unreasonable searches and seizures mainly to be free from excessive use of force, when they employed unnecessary and unreasonable excessive force which resulted in significant injuries to Plaintiff.

24. The actions of Defendant LOUDEN were at all times objectively unreasonable in violation of Plaintiff's clearly established rights under the Fourth Amendment to the United States Constitution which proximately resulted in significant injuries to Plaintiff.

25. Defendant LOUDEN is not entitled to qualified immunity because he violated Plaintiff's clearly established Fourth Amendment right to be free from excessive use of force.

26. As a proximate result of the violations and/or deprivations of Plaintiff's constitutional rights by Defendant LOUDEN, Plaintiff has a viable claim for compensatory and punitive damages pursuant to 42 U.S.C. § 1983 together with costs, interests, and attorney fees as set forth in 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an award in his favor and against Defendant LOUDEN in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest, costs, and attorney fees.

## COUNT II
## ASSAULT AND BATTERY

27. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

28. The acts of Defendant LOUDEN were not undertaken in good faith and were not discretionary but were undertaken with malice.

29. At all material times herein, Defendant LOUDEN threatened and/or caused Plaintiff to be threatened with involuntary, unnecessary, and/or unwanted physical contact.

30. At all material times herein, the physical contact and/or threat of physical contact referred to herein was inflicted upon Plaintiff by Defendant LOUDEN.

31. That the physical contact and/or threat of physical contact was unnecessary and excessive and furthermore, the physical contact was without probable cause and/or legal justification.

32. As the direct and proximate result of the assaults and batteries and/or use of force as described above which were inflicted upon Plaintiff by Defendant LOUDEN, Plaintiff sustained injuries and damages.

33. The actions of Defendant LOUDEN were so egregious and outrageous that Plaintiff's damages were heightened and made more severe so that Plaintiff is entitled to exemplary damages.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an award in his favor and against Defendant LOUDEN in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest, costs, and attorney fees.

## COUNT III
## GROSS NEGLIGENCE

34. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

35. The governmental agency that employed Defendant LOUDEN was engaged in the exercise or discharge of a governmental function.

36. The conduct of Defendant LOUDEN amounted to gross negligence that was the proximate cause of Plaintiff's injuries and damages.

37. Defendant LOUDEN was working for City of Southfield at the time of the incident complained of herein and had a duty to perform his employment activities so as not to endanger or cause harm to Plaintiff.

38. Notwithstanding these duties, Defendant LOUDEN breached these duties with deliberate indifference and gross negligence and without regard to Plaintiff's rights and welfare, which caused serious injuries and damages to Plaintiff.

39. Defendant LOUDEN knew or should have known that by breaching these duties harm would be caused to Plaintiff.

40. That according to MCL 691.1407(2), Defendant LOUDEN had a duty to exercise reasonable care and their breach of that duty was reckless and amounts to gross negligence.

41. That as a direct and proximate result of the indifferent/grossly negligent acts and/or omissions committed by Defendant LOUDEN Plaintiff suffered injuries and damages.

42. The actions of Defendant LOUDEN were so egregious and outrageous that Plaintiff's damages were heightened and made more severe, thus Plaintiff is entitled to exemplary damages.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an award in his favor and against Defendant LOUDEN in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest, costs, and attorney fees.

## COUNT IV
## DEFENDANT CITY OF SOUTHFIELD'S
## CONSTITUTIONAL VIOLATIONS

43. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

44. That the Fourth Amendment prohibition against unreasonable searches and seizures forbids police officers from imposing excessive physical force against citizens.

45. Defendant, CITY OF SOUTHFIELD, permitted customs, practices, and/or policies which resulted in the violations of Plaintiff's constitutional rights complained of herein.

46. These customs, practices, and/or policies included, but were not limited to, the following:

    a. Failing to adequately train and/or supervise its police officers so as to prevent violations of citizens' constitutional rights;

    b. Failing to adequately train and/or supervise police officers regarding the proper use of force;

    c. Failing to adequately train and/or supervise its police officers regarding the proper use of tasers;

    d. Failing to adequately supervise, review, and/or discipline police officers whom Defendant, CITY OF SOUTHFIELD, knew or should have known were violating or were prone to violate citizens' constitutional rights, thereby permitting and/or encouraging its police officers to engage in illegal conduct; and

7

  e. Failing to adequately train and/or supervise its police officers in the proper policies and procedures for establishing probable cause to arrest and the proper policies and procedures for effectuating an arrest without the use of excessive force.

47. Defendant's conduct was so reckless so as to demonstrate a substantial lack of concern for whether an injury resulted.

48. Defendant's acts and/or indifference and/or omissions were the direct and proximate cause of Plaintiff's injuries.

49. The facts as set forth in the preceding paragraphs constitute a violation of Plaintiff's Fourth Amendment rights and pursuant to 42 U.S.C. § 1983, Plaintiff has a viable claim for compensatory damages, costs, and attorney fees as set forth in 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an award in his favor and against Defendant CITY OF SOUTHFIELD in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of costs, interest, and attorney fees.

Respectfully Submitted,
CHRISTOPHER TRAINOR & ASSOCIATES

**s/ Amy J. DeRouin**
CHRISTOPHER J. TRAINOR (P42449)
AMY J. DEROUIN (P70514)
Attorneys for Plaintiff
9750 Highland Road
White Lake, MI  48386
(248) 886-8650
amy.derouin@cjtrainor.com

Dated: February 4, 2014
*AJD/ldd*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

WALTER WHITE,

       Plaintiff,

v.                                                         CASE NO: 2:CV
                                                              HON:

CITY OF SOUTHFIELD, and
KEITH LOUDEN, in his
individual and official capacity,

       Defendants.

| | |
|---|---|
| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>AMY J. DEROUIN (P70514)<br>Attorneys for Plaintiff<br>9750 Highland Road<br>White Lake, MI  48386<br>(248) 886-8650<br>(248) 698-3321-fax<br>Amy.derouin@cjtrainor.com | |

**DEMAND FOR TRIAL BY JURY**

    **NOW COMES** Plaintiff, **WALTER WHITE**, by and through his attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and hereby makes a Demand for Trial by Jury in the above-captioned matter.

                                                  Respectfully Submitted,
                                                  CHRISTOPHER TRAINOR & ASSOCIATES

                                                  **s/ Amy J. DeRouin** _____  _____
                                                  CHRISTOPHER J. TRAINOR (P42449)
                                                  AMY J. DEROUIN (P70514)
                                                  Attorneys for Plaintiff
                                                  9750 Highland Road

Dated: February 4, 2014              White Lake, MI  48386
*AJD/ldd*                                      (248) 886-8650
                                                  amy.derouin@cjtrainor.com